## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In Re:                                                                                                                    Chapter 7

Auto Point, Limited,                                                        BKY Case No. 10-43005

                Debtor.

_____

Brian F. Leonard, Trustee,                                               Adv. No. 10-_____

                Plaintiff,

vs.                                                                                               **COMPLAINT**

Anthony J. Pope, and
Anthony J. Pope, P.C., a professional corporation,

                Defendants.

_____

        Brian F. Leonard, Trustee, as and for his Complaint, states and alleges as follows:

        1.      Brian F. Leonard, as Trustee ("**Trustee**") is the duly appointed, qualified, and acting Trustee in the above-captioned bankruptcy case.

        2.      Auto Point, Limited (the "**Debtor**") filed its petition under Chapter 7 of the United States Bankruptcy Court on the 23rd day of April, 2010.

        3.      Defendant Anthony J. Pope ("**Pope**") is an attorney, on information and belief, admitted to practice in the State of New Jersey, whose business address is 60 Route 46 East, Fairfield, NJ 07004.

        4.      Defendant Anthony J. Pope, P.C. ("**Pope, P.C.**") is, on information and belief, a professional corporation of which Pope is a controlling member, and whose business address is 60 Route 46 East, Fairfield, NJ 07004.

        5.      The Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334, and Bankruptcy Rule of Civil Procedure 7000, and other rules, and the Local Rules of Bankruptcy

Procedure, supplementary thereto.  This is a core proceeding.

6. On information and belief, and based upon statements made to the Trustee from one or more former employees of the Debtor, the Debtor made various payments to the Defendants from and after April 23, 2008 (the "**Transfers**").

7. The Debtor was not a client of the Defendants.  A written request was made to the Defendants for a schedule of all funds and payments received from the Debtor, and other information regarding such payments.  The Defendants have refused, and continue to refuse, to respond to such request for information.

8. On information and belief, the Transfers were in the amount of at least $75,000.00.

## COUNT I
## 11 U.S.C. §548

9. The allegations contained in the preceding paragraphs are incorporated herein by reference.

10. The Debtor made the Transfers with the intent to hinder, delay, or defraud its creditors.  The Debtor received less than a reasonably equivalent value in exchange for the Transfers, and was insolvent on the date of such Transfers or became insolvent as a result of such Transfers and the Debtor intended to incur or believed that it would incur debts that were beyond the Debtor's ability to pay as such debt matured.

11. The Transfers are avoidable under 11 U.S.C. §548 and the Defendants are liable and obligated to repay the amount of the Transfers to the Trustee under 11 U.S.C. §550.

## COUNT II
## 11 U.S.C. §544 and Minnesota Statutes §513.44

12. The allegations contained in the preceding paragraphs are incorporated herein by reference.

2

13. The Transfers were made by the Debtor with actual intent to hinder, delay, or defraud creditors of the Debtor. The Transfers were made by the Debtor without receiving reasonably equivalent value in exchange therefor and the Debtor was engaged or about to engage in a business or transactions for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or that the Debtor intended to incur or believed or reasonably should have believed that it would incur debts beyond the Debtor's ability to pay.

14. Under 11 U.S.C. §544, the Trustee has the right and power to avoid transfers of property that are avoidable under Minnesota Statutes 513.44.

15. The Defendants are liable and obligated to repay the amount of the Transfers to the Trustee under Minnesota Statutes 513.47 and 513.48.

## COUNT III
## 11 U.S.C. §544 AND MINNESOTA STATUTES 513.45

16. The allegations contained in the preceding paragraphs are incorporated herein by reference.

17. The Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the Transfers and the Debtor was insolvent at the time of the Transfers or became as a result of the Transfers. The Debtor was obligated to various unpaid creditors prior to the time of the Transfers.

18. 11 U.S.C. §544, the Trustee has the right and power to avoid transfers of property that are avoidable under Minnesota Statutes 513.45.

19. Defendants are liable and obligated to pay the amount of the Transfers to the Trustee under Minnesota Statutes 513.47 and .48.

**WHEREFORE**, the Trustee respectfully requests a judgment of this Court avoiding the Transfers and granting judgment in favor of the Plaintiff and against the Defendants as follows:

1. Against each Defendant, jointly and severally, in the amount of $75,000.00, or whatever other amount is provable at trial.

2. Judgment against each of the Defendants, jointly and severally, for interest at the applicable pre-judgment rate, from and after the date of each Transfer.

3. For such other and further relief as the Court deems just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: August 16, 2010

/e/ Brian F. Leonard
By_____
Brian F. Leonard, #62236
Andrea M. Hauser, #207469
Attorneys for Brian F. Leonard, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1234
(612) 332-1030

426174

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:                                                              BKY Case No.: 10-43005

Auto Point, Limited,

       Debtor.

_____

## TRUSTEE'S STATEMENT OF INSUFFICIENT FUNDS TO PAY FILING FEE

       The undersigned Trustee of the estate of the Debtor named above states under penalty of perjury that filed herewith:

1. This is a Complaint under Rule 7001 Federal Rules of Bankruptcy Procedure;

2. That the Trustee is without sufficient cash in the estate to pay the filing fee to commence this adversary proceeding; and

3. The Trustee will pay the filing fee to the Clerk as soon as cash is available in the estate, pursuant to the Judicial Conference Schedule for Fees for the Bankruptcy Courts, prescribed under 28 U.S.C. §1930(b).

Dated: August 16, 2010              /e/ Brian F. Leonard
                                          Brian F. Leonard, Trustee

426386